THE PEOPLE, RESPONDENT, *v.* RIVERA ET AL., APPELLANTS.

APPEAL from the District Court of San Juan, Section 2.

No. 629.—Decided December 8, 1913.

COMPLAINT—OBJECTIONS IN TRIAL COURT—DEFECTS SUPPLIED BY EVIDENCE.—As the complaint in this case was not objected to in the trial court, any defects which the complaint may have contained are presumed to have been supplied by the evidence.

ID.—GAMING—MONTE.—A complaint charging the accused with playing monte for money and percentage, one of them acting as banker or dealer and the rest betting, states facts sufficient to constitute the offense defined in section 299 of the Penal Code as amended by the Acts of March 12, 1908, and March 10, 1910, the game of monte being specifically prohibited in said section.

GAMING—MONTE—POKER.—The opinion delivered in the case of *The People* v. *Benítez et al.* on March 6, 1913, is not applicable to the present case because that case related to the game of poker, while this relates to the game of monte which was expressly prohibited as a banking game by section 299 of the Penal Code before it was amended. See the opinion in the case of *The People* v. *Ortiz et al.*, decided today.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Antonio Trujillo* for appellants.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal without a statement of the case or a brief, and, as we find no fundamental error, should be affirmed perhaps without discussion.

At the hearing of the case, however, the appellants appeared by counsel and asked for a reversal because of alleged defects in the complaint, relying on the case of *The People* v. *Benítez Castaño et al.*, decided by this court on March 6, 1913. In that case the defendant objected to the complaint in the court below and we held on appeal that neither the complaint nor the proof showed a prohibited game. In the case at bar no objection was made in the court below. We are inclined to think that, even with objection, the complaint in this case would have been sufficient, but, in the absence of objection, any defects that the complaint contained in this case must be presumed to have been supplied by the proof.

The complaint is as follows:

"The People of Porto Rico v. Manuel Rivera Colón, Juan Martínez, alias Cagüeño, José Andino, José Alvarez (Cubita), Fidel Cotto, Juan Amador, Catalino Richardson and Francisco Alvarez.—I, Ezequiel Mongil, Third Class District Chief of the Insular Police, a resident of Bayamón, Martí Street, of age, complain against the foregoing defendants for an infraction of section 299 of the Penal Code committed as follows: That on December 28, 1911, and somewhere between 9 and 10 o'clock, and in Comercio Street of the Municipal District of Bayamón, which forms a part of the Judicial District of San Juan, these defendants, in the dining room of the dwelling house of Manuel Rivera Colón, situated in the before mentioned house (sic), voluntarily and maliciously, and upon a table situated there, played at a forbidden game for money, the said game being known as monte, one of those included in section 299 of the Penal Code, having as banker or dealer José Andino and the rest as players, and they being surprised $2.50 and three packs of cards were seized, two of them pink and one of them blue, each one containing 40 cards, which I place at the disposal of the court."

The aforesaid complaint falls under the sanction of section 299 of the Penal Code as amended by the law of March 12, 1908, and by Law No. 36, approved March 10, 1910, inasmuch as the game of monte is one of those which are specifically cited in said section and it is stated in said complaint that the defendants were playing for money and that José Andino was there acting as a banker or dealer and the rest as players. The decision of this court rendered on March 6, 1913, in the case of The People of Porto Rico v. Benítez Castaño et al. is not favorable to the appellants inasmuch as the act complained of is playing poker and in the case at bar, the game is monte, the latter being one of the games expressly set forth in the original statute and is considered as a banking game.

Under these circumstances we are of the opinion that the appellants do not fall within the exception set forth in the case already cited of The People v. Benítez Castaño et al. Reference is made to the opinion which supports the judg-

ment rendered today in the case of *The People of Porto Rico v. Carlos B. Ortiz Ledee et al.*

The judgment appealed from must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.